CHAPIN FITZGERALD LLP
   Kenneth M. Fitzgerald, Esq. (SBN: 142505)
   kfitzgerald@cftriallawyers.com
   Curtis G. Carll, Esq. (SBN: 248470)
   ccarll@cftriallawyers.com
550 West "C" Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Plaintiff
Sophia & Chloe, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Sophia & Chloe, Inc.**, *a California corporation*, <br><br> Plaintiff, <br><br> v. <br><br> **Kobra International, Ltd.**, *a New York corporation d/b/a* **Nicole Miller** <br><br> **Trebbianno, LLC**, *a New York limited liability company* <br><br> Defendants. | **Case No.:** '13CV0596 H    MDD <br><br> **Complaint** <br><br> 1. **Copyright Infringement** <br> 2. **Trade Dress Infringement under 15 U.S.C. §§ 1125(a)** <br> 3. **Unfair Competition Under California Common Law** <br> 4. **Unfair Competition Under Cal. Business & Professions Code §§ 17200 et seq. & 17500 et seq.** <br><br> **Jury Trial Demanded** |

Plaintiff Sophia & Chloe, Inc. for its Complaint against Defendants Kobra International, Ltd. d/b/a Nicole Miller and Trebbianno, LLC alleges as follows:

**Parties**

1. Plaintiff Sophia & Chloe, Inc. ("Sophia & Chloe" or "plaintiff") is a corporation, organized and existing under the laws of the State of California, with its principal place of business in San Diego, California. Sophia & Chloe is a high-end jewelry designer, created and operated by Nathalie Sherman.

2. Defendant Kobra International, Ltd. d/b/a Nicole Miller ("Nicole Miller") is a corporation, organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. Nicole Miller is the designer and manufacturer of women's clothing and fashion accessories, including jewelry. Nicole Miller sells its products at large retail outlets (e.g., J.C. Penney, where Nicole Miller sells its low-end brand "nicole by Nicole Miller") as well as in eponymous boutiques across the United States, including in Carlsbad, California.

3. Defendant Trebbianno, LLC ("Trebbianno") is a limited liability company, organized and existing under the law of the State of New York, with its principal place of business in New York, New York. Trebbianno is the manufacturer of costume jewelry, including the Nicole Miller brand "nicole by Nicole Miller." Together, Nicole Miller and Trebbianno are referred to as "defendants."

**Jurisdiction and Venue**

4. The Court has subject matter jurisdiction over plaintiff's claims under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338, in that plaintiff's first claim for relief arises under the Copyright Act, 17 U.S.C. §§ 501 et seq., a law of the United States, and plaintiff's second claim for relief arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq. Claims three and four are substantially related claims arising from the same set of operative facts as the federal claims, thereby giving

this Court supplemental jurisdiction over these California claims under 28 U.S.C. §§ 1338(d) and 1367(a).

5. This Court has personal jurisdiction over defendant Nicole Miller because Nicole Miller conducts business nationally and has sold a substantial number of its products in this judicial district, including through a stand-alone Nicole Miller Boutique in Carlsbad, California, numerous independent boutiques in California, as well as J.C. Penney stores.

6. This Court has personal jurisdiction over defendant Trebbianno because Trebbianno conducts business nationally and has sold a substantial number of its products in this judicial district, including sales at J.C. Penney stores throughout Southern California.

7. Venue in the Southern District of California is proper under 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; defendants conduct substantial business in this district; and defendants are subject to personal jurisdiction in this district. Nicole Miller has a stand-alone store in the San Diego area where it sells its goods, as well as through large retailers in San Diego like J.C. Penney and numerous independent boutiques. In addition plaintiff is informed and believes, and thereon alleges, that Nicole Miller owns and operates interactive websites on which customers in the Southern District of California can view and directly purchase its products. Trebbianno also conducts substantial business in this district through its supply of goods to retailers like J.C. Penney.

## Facts

**Sophia & Chloe is the Designer of High-end, Innovative Jewelry.**

8. Sophia & Chloe designs, distributes, and sells original and distinctive jewelry and accessories for women. The company was created by Nathalie Sherman, who was born in Marrakesh, Morocco. She started designing jewelry in 1996, after the birth of her daughter Sophia. In 1999, when her second

daughter was born, she re-named her line of designs, originally eponymous, "Sophia & Chloe."

9. Completely self-taught, Ms. Sherman turned her passion and talent for design into a thriving business. Her work has evolved from dainty, fashion-oriented collections to bolder, more complex and evocative jewelry designs. Unchanged are her uncompromising quality standards and the decidedly feminine and exotic aesthetic she brings to each design. After sixteen years of investing her time, skills, and resources into her jewelry designs, it is easy to spot her distinctive hand in each piece.

10. Ms. Sherman's Sophia & Chloe designs are heavily influenced by her heritage and home. Byzantine, Moroccan motifs are evident in her work, as is the casual easy feel of her beloved coastal San Diego where she lives with her family.

### Sophia & Chloe Creates and Copyrights Unique Designs.

11. Sophia & Chloe creates, distributes, and sells unique and original collections of jewelry, including collections called Kiss, Buddha's Kiss, French Kiss, and the Kiss bangle (together, "the Kiss collections"), all of which are copyrighted. The copyright registrations of these designs, with accompanying artwork, are attached and incorporated into the complaint at Exhibit A.

12. Sophia & Chloe's entire casted division is based on Ms. Sherman's intention to create a substantial body of symbolic designs. With this goal in mind, Ms. Sherman became interested in studying symbols, particularly ones that are culturally evocative and aesthetically pleasing, and which would allow her to embed symbolism in each of her pieces.

13. Ms. Sherman turned to her own Moroccan heritage in this endeavor. Moroccan Henna tattoos, often applied at ceremonial events such as weddings and other celebrations, were of particular interest to her. In searching for the meaning of different arabesques incorporated within tattoos, she found this

shape, a bracket— **{** —referred to as a "kiss" by henna tattoo artists. Ms. Sherman saw that the shape is also a "brace," which means essentially "to belong together." This symbolic arabesque shape is the basis of her original and independently created Kiss collections, examples of which are pictured below:



14. Every one of Sophia & Chloe's casted pieces includes a symbol artfully embedded within it. These symbolic collections, and most notably the Kiss collection, are what Sophia & Chloe, Inc. is most closely associated with by its clients and collectors. Plaintiff's Kiss designs are included in each of Sophia & Chloe's best-selling and most important collections: "Signs of a Good Life," "Oh So Charming," and "Language of Bangles" (*see* Exhibit E). Sophia & Chloe's website includes no less than 55 separate and distinct offerings from its Kiss

collection.  Sophia & Chloe, particularly with its Kiss collections, has featured a distinctive trade dress which includes the bracket (or "kiss") shape, connected at a specific angular orientation; pieces of specific size and scale; dangling stones or crystals; embedded and secret symbolic elements; smaller Kiss designs surrounded by larger ones; and feminine accents.

15. Consumers have come to associate this trade dress with Sophia & Chloe. Sophia & Chloe's website features the bracket or "kiss" design across the top of its page (*see* Exhibit D).  The Kiss collections are featured prominently and significantly in Sophia & Chloe's social media presence: its Pinterest page features the French Kiss necklace as its avatar (*see* Exhibit D); its Twitter page features the Kiss design as its background wallpaper and the Kiss collections are frequent subjects of Twitter updates; and the Kiss collection is featured regularly and prominently on Sophia & Chloe's Facebook fan page.  Sophia & Chloe's Kiss line has also been featured prominently in local and national magazines and television from 2007 to 2012.

16. Sophia & Chloe has publicly advertised this line of jewelry since Spring 2007, with its first sale in May 2007. On its publically facing website, Sophia & Chloe describes the Kiss as "inspired by the language of Moroccan Henna tattoos in which each tiny arabesque has a distinct meaning. This romantic design repeats the Henna symbol for the word 'Kiss.'"  The Kiss is also described as "based on the language of Moroccan henna tattoos. This romantic design repeats the henna symbol for the word 'Kiss' into a Buddha shape."

17. Sophia & Chloe is the exclusive owner (having received an assignment of copyright from Ms. Sherman) of the following jewelry designs (collectively "the Copyrighted Designs"), which have been registered with the Copyright Office as original works:

    a. Kiss Earrings with Mermaid Quartz, VA 1-700-833, February 22, 2010;

  b. Kiss Earrings with Rose Quartz, VA 1-703-158, February 22, 2010;

  c. Kiss Necklace with Mermaid Quartz, VA 1-703-177, February 22, 2010;

  d. Kiss Earrings with Garnet, VA 1-703-183, February 23, 2010;

  e. Kiss Earrings, VA 1-700-838, February 23, 2010;

  f. Kiss Necklace, VA 1-700-840, February 23, 2010;

  g. Small Kiss Earrings, VA 1-703-185, February 23, 2010;

  h. Small Kiss Necklace, VA 1-703-191, February 23, 2010;

  i. Small Kiss Earrings, VA 1-703-200, February 23, 2010;

  j. Kiss Necklace in Citrine, VA 1-703-188, February 23, 2010;

  k. Kiss Bangle Bracelet, VA 1-703-189, February 23, 2010;

  l. Buddha's Kiss, VAu 1-048-713, March 18, 2010;

  m. Buddha's Kiss, VAu 1-068-177, March 18, 2010.

18. Examples of the copyrights at issue here are VA 1-700-838 and VA 1-700-840, as shown in Exhibit A. All the copyrights in ¶ 17 are valid and subsisting, and are incorporated into Sophia & Chloe's Kiss collections.

19. Each piece of jewelry embodying the Copyrighted Designs has carried the copyright notice "Sophia & Chloe ©" stamped into the backside of the piece since its first publication. The website that hosts the jewelry has the copyright symbol. The line sheet / catalogue and all marketing materials also include copyright notices.

### Defendants Infringe on Sophia & Chloe's Copyrighted Designs and Trade Dress.

20. Sophia & Chloe is informed and believes, and thereon alleges, that defendants Nicole Miller and Trebbianno, having recognized the consumer awareness and goodwill associated with Sophia & Chloe's Copyrighted Designs, set about to unlawfully and intentionally usurp that goodwill for itself. In

furtherance of this unlawful scheme to knock off Sophia & Chloe's designs, defendants manufactured, advertised and sold, without the permission of plaintiff, copies of Sophia & Chloe jewelry in gold, silver and a gunmetal color that use Sophia & Chloe's Copyrighted Designs. Two of defendants' knock-offs are pictured below:




21. On information and belief, these earrings are manufactured by Trebbianno and were sold in Nicole Miller's nicole by Nicole Miller collection, described as "Curved Hoop Earrings" (*see* Exhibit B). Together, these jewelry designs comprise defendants' products that infringe on plaintiff's Copyrighted Designs and are hereafter referred to as the Infringing Products.

22. Exhibit C displays defendants' Infringing Products next to, and overlaid with, Sophia & Chloe's Kiss earrings that incorporate the Copyrighted Designs. These pictures can also be seen below (defendants' products are on the left):





23. Examining the products side-by-side, it is clear that defendants intentionally copied the individual Copyrighted Designs. The Infringing Products are identical in shape and size to Sophia & Chloe's Kiss earrings.

24. Sophia & Chloe is informed and believes, and thereon alleges, that defendants designed, manufactured, marketed and/or sold the Infringing Products with the intent to infringe upon Sophia & Chloe's Copyrighted Designs.

25. Sophia & Chloe is also informed and believes, and thereon alleges, that defendants' executives and/or employees viewed the Copyrighted Designs incorporated in the Kiss collections at retail outlets before designing and/or

manufacturing the Infringing Products.

26. In September 2009, Nathalie Sherman gave fashion designer Nicole Miller a pair of Kiss earrings, as a gift. Two months later, on or about November 17, 2009, fashion designer Ms. Miller appeared in San Diego at her annual Open House Benefiting Juvenile Onset Diabetes in Rancho Santa Fe, California. At the event, Ms. Miller was introduced to Ms. Sherman as the designer who had gifted her "those beautiful gold earrings." On information and belief, Ms. Miller's access to these earrings contributed to the defendants' decision to copy Sophia & Chloe's Copyrighted Designs.

27. Defendants' Infringing Products are inferior in quality to Sophia & Chloe's products. As a result, Defendants' marketing, sale, and distribution of its Infringing Products have damaged and will continue to damage Sophia & Chloe's reputation and goodwill.

28. Sophia & Chloe informed defendant Nicole Miller that its Infringing Products infringed on Sophia & Chloe's Copyrighted Designs in August 2012, and demanded that it cease all sales and marketing of the infringing products. Nicole Miller did not respond. Defendant Trebbianno stated that it planned to cease further production of the Infringing Products, but to continue selling its current inventory.

29. Defendants' acts have caused and will continue to cause irreparable harm and injury to Sophia & Chloe for which it has no adequate remedy at law.

### First Claim for Relief
### (Copyright Infringement against All Defendants)

30. Plaintiff hereby incorporates paragraphs 1 through 29 above, each as though fully set forth herein.

31. Plaintiff has a valid right, title, and interest in the Copyrighted Designs, which each constitute copyrighted and protected artistic expression fixed in a tangible medium. Such copyrights confer upon plaintiff the exclusive rights and

privileges in and to the copyrights in the Copyrighted Designs.

32. Defendants have infringed on the copyrights in the Copyrighted Designs, by obtaining, advertising, and selling unauthorized copies of same without consent by plaintiff, after being put on notice that the counterfeit accessories were unlicensed and unauthorized copies, the advertising and sale of which were illegal.

33. Defendants have engaged in the conduct described above, and will continue to engage in the conduct described above in willful disregard of plaintiff's rights under 17 U.S.C. §§ 501 et seq.

34. By reason of defendants' actions, plaintiff has suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenue in an amount not yet ascertained.

35. Plaintiff is informed and believes, and thereon alleges, that defendants willfully infringed on plaintiff's Copyrighted Designs by knowingly engaging in acts that infringed on plaintiff's copyrights after plaintiff registered and received copyright protection over the Copyrighted Designs. Therefore, under 17 U.S.C. §§ 504, 505, plaintiff is entitled to statutory damages in the amount of up to $150,000 for each work infringed and for its costs and attorneys fees in bringing this action.

36. Defendants' acts have caused plaintiff irreparable injury, and unless restrained and enjoined, will continue to cause irreparable injury. Ascertainment of actual damages which would afford plaintiff adequate relief for such acts would be difficult, such that plaintiff's remedy at law is not adequate to compensate it for injuries inflicted and threatened by defendants.

### Second Claim for Relief
### (Trade Dress Infringement Against All Defendants)

37. Plaintiff hereby incorporates paragraphs 1 through 36 above, each as though fully set forth herein.

38.     These symbolic collections, and most notably the Kiss collection, are what Sophia & Chloe, Inc. is most closely associated with by its clients and collectors.  Sophia & Chloe, particularly with its Kiss collections, has a distinctive trade dress which is described in ¶ 14 above.

39.     Plaintiff's trade dress has acquired secondary meaning.  Sophia & Chloe's Kiss collections are recognized by dealers and consumers on-sight as distinctively Sophia & Chloe's.

40.     Defendants designed and currently market and sell Infringing Products that incorporate plaintiff's trade dress.

41.     Defendants are not now, and never have been, authorized by plaintiff to use plaintiff's trade dress or any confusingly similar trade dress.

42.     Defendants' marketing and sale of copies of Sophia & Chloe's Kiss collections of jewelry is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of defendants' goods.

43.     Plaintiff is informed and believes, and thereon alleges, that as a proximate result of the unfair advantage accruing to defendants' business from deceptively trading on plaintiff's advertising, sales, and consumer recognition, defendants have made substantial sales and profits in amounts to be ascertained. Based on the same acts, plaintiff has been damaged and deprived of substantial sales of products in its Kiss collections and has been deprived of the value of its trade dress as a commercial asset, in amounts to be ascertained.

44.     Plaintiff is informed and believes, and thereon alleges, that, unless restrained by the Court, defendants will continue to infringe on plaintiff's trade dress, and that monetary damages will not grant plaintiff adequate relief for the damage to its trade dress.  Further, plaintiff is informed and believes, and thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source or origin of defendants' goods.

45.     Plaintiff is informed and believes, and thereon alleges, that defendants'

acts were committed, and continue to be committed, with actual notice of plaintiff's exclusive rights and with intent to cause confusion or mistake, or to deceive, and to cause injury to the reputation and goodwill associated with Sophia & Chloe and its products. Plaintiff is entitled to three times its actual damages or three times defendants' profits, whichever is greater, as well as plaintiff's attorney's fees, and the destruction of all infringing products and promotional materials.

## Third Claim for Relief
**(Unfair Competition Under California Common Law Against All Defendants)**

46. Plaintiff hereby incorporates paragraphs 1 through 45 above, each as though fully set forth herein.

47. Plaintiff has invested substantial time, skill, and money in developing its Copyrighted Designs and trade dress, and plaintiff's trade dress has acquired a secondary meaning.

48. Defendants have copied plaintiff's trade dress in its products.

49. Plaintiff and defendants are business competitors.

50. Because plaintiff's Kiss collections and defendants' Infringing Products are similar, the public is likely to identify defendants' products as those of plaintiff, or to conclude that plaintiff has some connection with the production of defendants' products.

51. Defendants' conduct is unfair and unlawful.

52. Defendants' acts have caused plaintiff to lose profits and caused damage to plaintiff's reputation and goodwill. The amount of damages is currently unknown but will be established according to proof.

53. Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of defendants' wrongful conduct, defendants have gained revenue and profits.

54. Plaintiff is informed and believes, and thereon alleges, that defendants

- 12 -  Complaint for Copyright Infringement
*Sophia & Chloe v. Kobra Int'l (d/b/a Nicole Miller)*

have committed the foregoing acts with the intent to deprive plaintiff of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of plaintiff's rights. Plaintiff is entitled to an award of exemplary damages, according to proof.

### Fourth Claim for Relief
### (Unfair Competition under California Bus. & Prof. Code § 17200 et seq. Against All Defendants)

55. Plaintiff hereby incorporates paragraphs 1 through 54 above, each as though fully set forth herein.

56. Defendants' conduct constitutes unfair, unlawful, and fraudulent business practices prohibited by California Business & Professions Code §§ 17200 et seq. and 17500 et seq.

57. Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of defendants wrongful conduct, defendants have gained revenue and property that properly belongs to plaintiff. Plaintiff seeks restitution of these amounts.

### Prayer for Relief

Based on the allegations above, plaintiff Sophia & Chloe seeks judgment against defendants as follows:

1. An accounting of all profits earned by defendants on the sale of all its Infringing Products.

2. For a constructive trust on all said profits;

3. For a preliminary and permanent injunction restraining defendants from any further manufacture, purchase, advertisement, distribution, or sale of any pieces in its Infringing Products, without the consent of plaintiff, and for destruction of any molds or other manufacturing tooling used to create the Infringing Products;

4. For compensatory damages according to proof;

5. For treble damages;
6. For punitive damages;
7. For statutory damages;
8. For attorneys' fees and costs; and
9. For such other relief as the Court may deem just and proper.

Dated: March 14, 2013                     CHAPIN FITZGERALD LLP

By: /s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald, Esq.
Curtis G. Carll, Esq.
Attorneys for Plaintiff
Sophia & Chloe, Inc.

## Jury Demand

Plaintiff Sophie & Chloe, Inc. hereby demands a trial by jury for all issues so triable.

Dated: March 14, 2013

CHAPIN FITZGERALD LLP

By: /s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald, Esq.
Curtis G. Carll, Esq.
Attorneys for Plaintiff
Sophia & Chloe, Inc.

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Chapin Fitzgerald LLP
550 West "C" Street, Suite 2000, San Diego, CA 92101
Tel: (619) 241-4810

Attorneys *(If Known)*: '13CV0596 H    MDD

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. § 501, ET SEQ.; 15 U.S.C. 1051, et seq.

Brief description of cause:
Copyright and Trade Dress Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE: Hon. Anthony J. Battaglia
DOCKET NUMBER: 12-CV-2472-AJB-KSC

DATE: 03/14/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kenneth M. Fitzgerald

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b) **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV. **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

VI. **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.