Lynda J. Zadra-Symes (State Bar No. 156,511)
lynda.zadra-symes@knobbe.com
Lauren Keller Katzenellenbogen (State Bar No. 223,370)
lauren.katzenellenbogen@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Dana M. Susman *(admitted Pro Hac Vice)*
dsusman@kanekessler.com
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, NY 10019
Phone: (212) 541-6222
Facsimile: (212) 245-3009

Attorneys for Defendant and Counterclaimants,
TREBBIANNO, LLC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA & CHLOE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KOBRA INTERNATIONAL, LTD., a New York corporation d/b/a NICOLE MILLER, and TREBBIANNO, LLC, a New York limited liability company,<br><br>Defendants, | Civil Action No.<br>13CV0596-AJB-KSC<br><br>**DEFENDANT TREBBIANNO, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY DEMAND**<br><br>Honorable Anthony J. Battaglia |
| TREBBIANNO, LLC, a New York limited liability company,<br><br>Counterclaimaint,<br><br>v.<br><br>SOPHIA & CHLOE, INC., a California corporation,<br><br>Counterdefendant. | |

Defendant Trebbianno, LLC, a New York Limited Liability Company ("Trebbianno"), by its attorneys, as and for its answer to the complaint ("Complaint") of plaintiff Sophia & Chloe, Inc. ("Plaintiff"), and as and for its counterclaim against Plaintiff, hereby alleges as follows:

## PARTIES

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies them.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies them.

3. Admits that Trebbianno is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York, and that Trebbianno manufactures certain costume jewelry which it sells under the "nicole by Nicole Miller" brand name pursuant to a license agreement with defendant Kobra International, Ltd. d/b/a Nicole Miller ("Nicole Miller"). Denies each and every remaining allegation contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except to the extent that such allegations assert legal conclusions to which no response is required.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies them, except to the extent that such allegations assert legal conclusions to which no response is required.

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. Denies each and every allegation contained in paragraph 7 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein which relate to Nicole Miller, and on that basis denies them.

**FACTS**

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies them.

9. Denies that "it is easy to spot [Ms. Sherman's] distinctive hand in each piece." Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and on that basis denies them.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies them.

11. Denies that plaintiff's "Kiss collections are unique [and/or] original." Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

13. Denies that the "symbolic shape" of Plaintiff's Kiss and/or other collections are either original or independently created. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and on that basis denies them.

///

14. Denies that Plaintiff "particularly with its Kiss collections, has featured a distinctive trade dress which includes the bracket (or "Kiss") shape, connected at a specific angular orientation; pieces of specific size and scale; dangling stones or crystals; embedded and secret symbolic elements; smaller Kiss designs surrounded by larger ones; and feminine accents." Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and on that basis denies them.

15. Denies that "[c]onsumers have come to associate this trade dress with Sophia & Chloe." Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies them.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis denies them.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies them.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

20. Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Trebbianno manufactured and sold certain earrings containing Moroccan shapes and respectfully refers the Court to a true

and accurate representation of Trebbianno's earrings for their specific appearance.

21. Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Trebbianno manufactured and sold certain earrings containing Moroccan shapes under the Nicole Miller name and respectfully refers the Court to a true and accurate representation of Trebbianno's earrings for their specific appearance.

22. Denies that any of Trebbianno's products infringe on any protectable rights of Plaintiff and respectfully refers the Court to a true and accurate representation of Trebbianno's earrings for their specific appearance. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and on that basis denies them.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies that "Ms. Miller's access to these earrings contributed to the defendants' decision to copy Sophia & Chloe's Copyrighted Designs." Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint, and on that basis denies them.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Admits that Trebbianno ceased production and sale of the referenced earrings shortly after August 2012. Lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint, and on that basis denies them.

29. Denies each and every allegation contained in paragraph 27 of the Complaint.

## **FIRST CLAIM FOR RELIEF**
## **(COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS)**

30. Trebbianno repeats and realleges its responses to paragraphs 1 through 29 above, as if fully set forth herein.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

## **SECOND CLAIM FOR RELIEF**
## **(TRADE DRESS INFRINGEMENT AGAINST ALL DEFENDANTS)**

37. Trebbianno repeats and realleges its responses to paragraphs 1 through 36 above, as if fully set forth herein.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

1   40. Denies each and every allegation contained in paragraph 40 of the Complaint.

2   41. Denies each and every allegation contained in paragraph 41 of the Complaint, except avers that defendants' did not, and were not required to, obtain Plaintiff's authorization to design, manufacture and/or sell the referenced earrings.

3   42. Denies each and every allegation contained in paragraph 42 of the Complaint.

4   43. Denies each and every allegation contained in paragraph 43 of the Complaint.

5   44. Denies each and every allegation contained in paragraph 44 of the Complaint.

6   45. Denies each and every allegation contained in paragraph 45 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW AGAINST ALL DEFENDANTS)

46. Trebbianno repeats and realleges its responses to paragraphs 1 through 45 above, as if fully set forth herein.

47. Denies that "plaintiff's trade dress has acquired a secondary meaning." Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint, and on that basis denies them.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

///

|   |   |
|---|---|
| *1* | 50. Denies each and every allegation contained in paragraph 50 of the Complaint. |
| *3* | 51. Denies each and every allegation contained in paragraph 51 of the Complaint. |
| *5* | 52. Denies each and every allegation contained in paragraph 52 of the Complaint. |
| *7* | 53. Denies each and every allegation contained in paragraph 53 of the Complaint. |
| *9* | 54. Denies each and every allegation contained in paragraph 54 of the Complaint. |

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

## FOURTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION UNDER CALIFORNIA BUS. & PROF. CODE. SEC. 17200 ET SEQ. AGAINST ALL DEFENDANTS)

55. Trebbianno repeats and realleges its responses to paragraphs 1 through 55 above, as if fully set forth herein.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

58. Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

59. Defendants have not infringed and do not infringe upon plaintiff's Copyrighted Designs.

///

///

### THIRD AFFIRMATIVE DEFENSE

60. The copyrights alleged in the Complaint and designated as plaintiff's "Copyrighted Designs" are invalid and/or unenforceable for failure to meet one or more of the requirements of the United States Copyright Act, including, but not limited to, the requisite degree of originality required by Section 102 of the United States Copyright Act.

### FOURTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred by the doctrines of laches, waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

63. This Court lacks personal jurisdiction over Trebbianno.

### SEVENTH AFFIRMATIVE DEFENSE

64. Venue is not proper in this district and/or jurisdiction.

### EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiff has suffered no damage on account of any wrongful conduct by defendants.

### NINTH AFFIRMATIVE DEFENSE

66. Any copyright infringement by defendants has been innocent infringement.

### TENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred by the doctrine of independent creation.

### ELEVENTH AFFIRMATIVE DEFENSE

68. Plaintiff's alleged trade dress is invalid for lack of secondary meaning as it does not function as a source identifier.

*///*

**TWELTH AFFIRMATIVE DEFENSE**

69. Plaintiff's alleged trade dress is invalid on the grounds that it is functional.

**THIRTEENTH AFFIRMATIVE DEFENSE**

70. Plaintiff abandoned its alleged trade dress through failure to control use of the trade dress.

**FOURTEENTH AFFIRMATIVE DEFENSE**

71. Defendants' alleged actions constitute fair use under the copyright and trade dress laws.

**COUNTERCLAIMS**

Defendant and Counterclaimant Trebbianno, LLC alleges the following counterclaims against Sophia & Chloe, Inc.:

**PARTIES**

1. Counterclaim plaintiff, Trebbianno, LLC ("Trebbianno") is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 29 West 35th Street, New York, New York.

2. Upon information and belief, counterclaim defendant, Sophia & Chloe, Inc. ("Sophia & Chloe") is a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business located in San Diego, California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Trebbianno's counterclaim pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1338 and 28 U.S.C. Section 2201 *et seq.* as a declaratory judgment action for copyright and trade dress invalidity arising under the Copyright Laws of the United States, 17 U.S.C. Section 102 *et seq.* and the Trademark Laws of the United States, 15 U.S.C. Sections 1051 *et seq.*

|   |   |
|---|---|
| *1* | 4. Without waiving the above defenses, venue is proper under 28 |
| *2* | U.S.C. Section 1391. |
| *3* | 5. Without waiving the above defenses, the Court has personal |
| *4* | jurisdiction over Sophia & Chloe because Sophia & Chloe is a California |
| *5* | corporation, does business in this State and has availed itself of the jurisdiction |
| *6* | of this Court by filing the Complaint in this matter. |

### CLAIM FOR RELIEF

6. Trebbianno realleges and incorporates herein by reference paragraphs 1 through 5 above, as though fully set forth herein.

7. Sophia & Chloe purports to be the owner of a trade dress consisting of "the bracket (or "kiss") shape, connected at a specific angular orientation; pieces of specific size and scale; dangling stones or crystals; embedded and secret symbolic elements; smaller Kiss designs surrounded by larger ones; and feminine accents."

8. Sophia & Chloe's alleged trade dress, as described in the Complaint, consists of functional elements that are not protectable as trade dress.

9. Sophia & Chloe's alleged trade dress, as described in the Complaint, is used by a number of third parties and lacks any distinctiveness or secondary meaning as an indicator of the source of Sophia & Chloe's goods.

10. Sophia & Chloe purports to be the owner of copyrights reflected in paragraphs 17 and 18 of the Complaint, including Copyright Registrations Nos. VA 1-700-833; VA 1-703-158; VA 1-703-177; VA 1-703-183; VA 1-700-838; VA 1-700-840; VA 1-703-185; VA 1-703-191; VA 1-703-200; VA 1-703-188; VA 1-703-189; VAu 1-048-713; VAu 1-068-177.

11. Sophia & Chloe's copyrights reflected in paragraphs 17 and 18 of the Complaint, including Copyright Registrations Nos. VA 1-700-833; VA 1-703-158; VA 1-703-177; VA 1-703-183; VA 1-700-838; VA 1-700-840; VA 1-

703-185; VA 1-703-191; VA 1-703-200; VA 1-703-188; VA 1-703-189; VAu 1-048-713; VAu 1-068-177, are invalid on the grounds that the subject work of these registrations does not satisfy the requisite level of originality required by Section 102 of the United States Copyright Act, 17 U.S.C. Section 102 et seq.

12. Sophia & Chloe filed this lawsuit alleging that Trebbianno manufactured earrings that infringe Sophia & Chloe's alleged trade dress and copyrights.

13. By virtue of Sophia & Chloe's suit against Trebbianno for alleged infringement of Sophia & Chloe's alleged trade dress and copyrights, there exists an actual case or controversy between Sophia & Chloe and Trebbianno regarding the validity of Sophia & Chloe's alleged trade dress and copyrights, and consequently, this Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. section 2201, *et seq.*

**FIRST COUNTERCLAIM: DECLARATION OF INVALIDITY AND/OR UNENFORCEABILITY OF SOPHIA & CHLOE'S TRADE DRESS**

14. Trebbianno realleges and reincorporates by reference herein the allegations of paragraphs 1 through 13 of its Counterclaims recited above.

15. This is a counterclaim for a declaration of invalidity and unenforceability under the Declaratory Judgment Act, 28 U.S.C. Section 2201.

16. Sophia & Chloe's alleged trade dress is invalid.

17. Sophia & Chloe owns no enforceable rights in its alleged trade dress.

18. Trebbianno is entitled to a declaratory judgment pursuant to 28 U.S.C. Section 2201 that the foregoing alleged trade dress is invalid and unenforceable.

///
///
///

-11-

# SECOND COUNTERCLAIM: DECLARATION OF INVALIDITY AND/OR UNENFORCEABILITY OF SOPHIA & CHLOE'S COPYRIGHTS

19. Trebbianno realleges and reincorporates by reference herein the allegations of paragraphs 1 through 18 of its Counterclaims recited above.

20. This is a counterclaim for a declaration of invalidity and unenforceability under the Declaratory Judgment Act, 28 U.S.C. Section 2201.

21. Sophia & Chloe's copyrights alleged in Paragraphs 17 and 18 of the Complaint are invalid.

22. Sophia & Chloe owns no enforceable rights in its copyrights alleged in Paragraphs 17 and 18 of the Complaint.

23. Trebbianno is entitled to a declaratory judgment pursuant to 28 U.S.C. Section 2201 that the foregoing alleged copyrights and Copyright Registrations are invalid and unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Trebbianno, LLC respectfully requests that the Court enter judgment that:

A. Plaintiff shall take nothing from this action;

B. The Complaint be dismissed in its entirety and with prejudice;

C. The claimed copyrights and Copyright Registrations are invalid and/or unenforceable;

D Plaintiff's alleged trade dress is invalid and/or unenforceable;

E. This is an exceptional case, and Trebbianno, LLC shall be awarded its costs and reasonable attorneys' fees expended in defending this action and prosecuting its counterclaim; and

///

///

///

*1*       F.    Trebbianno shall be awarded such other and further relief as the
*2* Court deems just and proper.

Dated: July 2, 2013          By: s/ *Lauren Keller Katzenellenbogen*
                                       KNOBBE, MARTENS, OLSON & BEAR, LLP
                                           Lynda J. Zadra-Symes
                                           Lauren Keller Katzenellenbogen

                                         KANE KESSLER, P.C.
                                           Dana M. Susman (*Pro Hac Vice*)

                                         Attorneys for Defendant, TREBBIANNO, LLC

## **DEMAND FOR JURY TRIAL**

Trebbianno, LLC hereby requests a trial by jury as to all issues so triable.

Dated: July 2, 2013          By: s/ *Lauren Keller Katzenellenbogen*
                             KNOBBE, MARTENS, OLSON & BEAR, LLP
                                 Lynda J. Zadra-Symes
                                 Lauren Keller Katzenellenbogen

                             KANE KESSLER, P.C.
                                 Dana M. Susman (*Pro Hac Vice*)

                             Attorneys for Defendant, TREBBIANNO, LLC

# PROOF OF SERVICE

I hereby certify that on July 2, 2013, I caused **DEFENDANT TREBBIANNO, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS; JURY DEMAND** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all registered attorneys of record. Any other counsel of record will be served by U.S. Mail.

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 2, 2013, at Irvine, California.

*Allison Bartik*
Allison D. Bartik

15593925